The opinion of the court was delivered by
Breaux, J.
The defendant, adjudicatee of property, appeals from a judgment in favor of the vendor, who is the plaintiff in rule, issued to compel him to accept title.
The property was sold by public auction. It had been appraised at six thousand dollars. The object of the sale was the payment of the debts of the succession.
The mortgage debt affecting it, with interest, was seven thousand seven hundred and ninety dollars, although the natural tutrix, at whose instance it was sold, alleged that the amount was four thousand five hundred dollars. .
In addition to the property mortgaged, as already stated, the *1666 inventory shows that the succession had household furniture appraised at two hundred and thirty-one and 25-100 dollars and life insurance policies appraised at ten thousand dollars, and the defendant in rule urges that at the date of application to sell the property mortgaged, to pay the purchase price due thereon, there was more than ten thousand dollars available to pay the debts of the succession.
The facts, as relate to these ten thousand dollars, are, that after having obtained the order for the sale of the property, the widow of Henry Leverich, plaintiff in rule, petitioned the court to decree that three life insurance policies mentioned in the inventory and on their face made payable to the insured, his executor, administrators and assigns, were her property and contradictorily with the heir of age and the under-tutor of the minors, judgment was rendered as follows:
“ Margaret P. Leverich do have judgment correcting the inventory herein by striking out the three policies of life insurance as assets of this succession, and decreeing that said policies in the Mutual Life Insurance Company of New York,
No. 640,782 ............................................................................................ $2,500 00
No. 640,784........................................................................................... 2,500 00
No. 640,786....................................................................................... 5,000 00
Total................................................................-.....................$10,000 00
to be the sole and exclusive property of Mrs. Margaret P. Leverich.”
The family meeting recommended the sale of the property adjudicated to the defendant in rule. The recommendations were duly approved. Subsequently, an account was filed by the tutrix, liquidating the succession. That account also was approved by the judge of the District Court and probated.
Although the minors, when they will be of age, may show that they have been aggrieved, and have the judgments in question rescinded, for they are not finalities, it does not follow that a creditor is bound to wait for the collection of his claim until policies of insurance have been collected.
We must conclude, in view of the proceedings and of the declarations of record, that there were no funds with which to pay the deots, and that the action of the tutrix administering the estate was in the interest of the minors.
We are referred to the case Succession of Dumestre, 40 An. 571, 575.
*1667 The case here is within a rule announced in that case, as the purpose was in good faith to realize funds for the payment of the debts of the succession of Henry Leverich.
It is, in addition, urged by the defendant in rule that there can be no valid erasure of a mortgage upon a tutrix’ property, resulting from the inscription of an inventory of an estate in which minors are interested, until the minors become of age and discharge their tutor, or until a special mortgage is given in accordance with law.
The rule invoked is not universal in its application. It is subject to exceptions. Notably here, the property was sold to pay the purchase price, dating anterior to the minor’s mortgage. It follows that the mortgage upon that property must be canceled, and that the adjudicatee can insist upon its cancellation prior to payment of the price, and that the cancellation in this case will be binding upon the minor children of the late Henry Leverich, who can have no interest to sue, to annul and set aside a sale, even if their mother and tutrix has delayed more than she should in collecting the policies of insurance of their late father, or has in error changed the name of the beneficiary under these policies. The question, if it be one, can not fix infirmity upon a title to realty sold under the circumstances here. '
The proceedings are regular as to form.
Moreover, it is manifest that the tutrix, as survivor in community, has an interest in the total of the mortgage (as shown by the certificate of mortgage), that as against third persons would considerably lessen the minor’s mortgage, and finally, granted that as to an amount, it will be decreed on their suit, at their majority, that they have an actionable interest against their tutrix, it can not affect a title based upon the vendor’s privilege duly recognized (for the payment of which the property was sold).
The judgment appealed from is therefore affirmed.